MAY LASSEN, ADMINISTRATRIX, *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District.

Argued June 10th—decided July 25th, 1913.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate at a railroad crossing and alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before *Reed, J.;* verdict directed for the defendant at the close of all the testimony, and judgment thereon, from which the plaintiff appealed. *No error.*

*Homer S. Cummings* and *Charles D. Lockwood,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

PER CURIAM. There were two eye-witnesses of the accident, the engineer and a witness called by the plain-

tiff.  Both agree that the plaintiff's intestate drove a heavy automobile truck over the crossing in front of an approaching regular passenger-train.  The decedent was first seen by these witnesses when the train was about one hundred feet from the crossing and the truck at a point about forty-five feet from its position when struck.  There was no testimony as to the rate of speed at which the plaintiff's decedent had approached the position in which he was first seen by the engineer and by the plaintiff's witness.  At that time the train was running at about thirty-five miles an hour.  There was no substantial obstruction to the decedent's view of the track or to the engineer's view of the crossing.  There was evidence that the whistle was blown within the statutory distance from the crossing, and that the engine bell, operated by compressed air, was continuously ringing.

Assuming that the engineer was negligent in not sooner seeing the plaintiff's decedent, it is apparent that the decedent was also negligent in attempting to pass in front of the train, or in not knowing that the train was approaching.  Plaintiff's theory is that the truck was moving so slowly that the engineer knew, or should have known, of the decedent's peril, and of the fact that he was making no effort to avoid it, in time to have prevented the collision; but this theory involves an assumption as to the relative rate of speed of the truck and the train, which is contradicted by the evidence of the only witnesses who saw the relative positions of the truck and train just before the collision.

There is no error.